IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT CLARKSBURG

| | |
|---|---|
| **TURNER CONSTRUCTION COMPANY**<br>11413 Isaac Newton Square<br>Reston, VA 20190<br><br>    **Plaintiff,**<br>**v.**<br><br>**WYATT INCORPORATED**<br>4545 Campbells Run road<br>Pittsburgh, PA 15205<br><br><u>SERVE ON</u>:<br>PENNS LANDING SUPPLY CO.,<br>C/O CT CORPORATION SYSTEM<br>5400 D BIG TYLER ROAD<br>CHARLESTON, WV, 25313-1178<br><br>    **Defendant.** | **CIVIL ACTION NO.**  1:16-cv-58 (Keeley)<br><br>Electronically filed:  April 6, 2016 |

## COMPLAINT

Turner Construction Company ("Turner"), by counsel, for its complaint against Wyatt Incorporated ("Wyatt"), hereby states as follows:

## NATURE OF THE ACTION

1. This is an action for breach of subcontract brought by Turner against Wyatt.

## PARTIES

2. Turner is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in the State of New York.

3. On information and belief, Wyatt is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in Pennsylvania.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, in that Turner and Wyatt do business in this district and division, and a substantial part of the events giving rise to the claims at issue in this case took place in this judicial district.

## FACTUAL ALLEGATIONS

6. Turner entered into a prime contract (the "Prime Contract") with the Federal Bureau of Investigation ("FBI") to construct the FBI Biometric Technology Center, New Office Building and Central Utilities Expansion at the FBI CJIS Division Complex in Clarksburg, West Virginia (the "Project"). The Prime Contract contained a notice to proceed date of January 3, 2011.

7. On April 14, 2011, Turner entered into a subcontract with Wyatt to provide Drywall, Ceiling, Access Flooring, Fabric Wrapped Panels, Fireproofing and Rough Carpentry as further defined in the subcontract provisions ("Subcontract"). A true and correct copy of the Subcontract is attached hereto as **Exhibit A**.

8. Wyatt failed to consistently prosecute the work pursuant to the terms of the Subcontract. Wyatt in 2011 failed to properly protect and perform spray on fireproofing in a safe and reasonable manner. Thereafter, Wyatt failed to verify benchmarks on the project and incorrectly began installing stud framing and bulkheads in incorrect locations.

9. In June of 2013, Wyatt refused to prosecute the work in a diligent manner. Through the month of July 2013, Turner notified Wyatt of its failure to properly provide manpower to the job and prosecute the job. Thereafter, through the summer and fall of 2013, Wyatt failed to properly provide manpower as required under the subcontract to meet the

schedule provided by Turner.  Turner provided continuing notice to Wyatt of its failure to progress the work and notify Turner through December 2013.

10.     Continuing in January of 2014 through June of 2014, Wyatt continued to fail to progress the work and provide sufficient manpower to meet the progress schedules provided by Turner.  By letter dated June 6, 2014 (**Exhibit B**), Turner demanded a recovery plan from Wyatt.  Wyatt failed to provide a recovery plan and by letter dated June 18, 2014 (**Exhibit C**), Turner declared Wyatt in default. Thereafter, Turner supplemented Wyatt's workforces throughout 2014 and into 2015.

11.     In 2015, Wyatt refused to complete its punch list work provided by Turner to Wyatt.  Turner incurred additional costs to complete the Wyatt punch list work.

12.     Wyatt breached its Subcontract by failing to properly provide manpower to the job, progress the work and complete its work, including punch list items. Turner has incurred in excess of $200,000 in damages to complete Wyatt's scope of work.  Turner is entitled to recover all of its damages arising out of Wyatt's breach of the Subcontract.

**WHEREFORE,** Turner demands judgment in its favor and against Wyatt in an amount in excess of $200,000, the final amount to be determined at trial, including all damages, costs and expenses, and attorneys' fees, and for such further and different relief as the Court deems just and proper.

April 6, 2016                                           Respectfully submitted,

*/s/ M. David Griffith, Jr.*
M. David Griffith Jr. (WVSB # 7720)
Joseph K. Merical (WVSB # 11646)
Thomas Combs & Spann PLLC
300 Summers Street, Suite 1380
Charleston, WV 25301
Phone: (304) 414-1800
Fax: (304) 414-1801
Email: dgriffith@tcspllc.com