**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| TURNER CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:16-cv-58 (IMK) |
| | ) | |
| v. | ) | |
| | ) | |
| WYATT INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**TURNER CONSTRUCTION COMPANY'S ANSWER TO COUNTERCLAIM**

Plaintiff/Counter-Defendant Turner Construction Company ("Turner"), by counsel,

hereby submits this Answer in response to Wyatt Incorporated's Counterclaim ("Counterclaim").

**ANSWER**

1.      Turner is without knowledge sufficient to admit or deny the allegations contained

in Paragraph 1 of the Counterclaim and therefore denies the same.

2.      Admitted.

3.      Admitted.

4.      Turner admits it entered into the referenced subcontract.  Turner denies any

allegation that contradicts the terms of the written documents.

5.      Admitted.

6.      The allegations contained in Paragraph 6 are denied.

7.      The allegations contained in Paragraph 7 are denied.

8.      Turner is without knowledge sufficient to admit or deny the allegations contained

in Paragraph 8 of the Counterclaim and therefore denies the same.

9.      The allegations contained in Paragraph 9 are denied.

10.      The allegations contained in Paragraph 10 are denied.

11.     The allegations contained in Paragraph 11 are denied.

12.     The allegations contained in Paragraph 12 are denied.

13.     The allegations contained in Paragraph 13 are denied.

14.     The allegations contained in Paragraph 14 are denied.

15.     The allegations contained in Paragraph 15 are denied.

16.     The allegations contained in Paragraph 16 are denied.

17.     The allegations contained in Paragraph 17 are denied.

18.     Turner is without knowledge sufficient to admit or deny the allegations contained in Paragraph 18 of the Counterclaim and therefore denies the same.

19.     The allegations contained in Paragraph 19 are denied.

20.     The allegations contained in Paragraph 20, including all of its subparts, are denied.

21.     The allegations contained in Paragraph 21, including all of its subparts, are denied.

22.     The allegations contained in Paragraph 22 are denied.

23.     The allegations contained in Paragraph 23 are denied.

24.     The allegations contained in Paragraph 24 are denied.

25.     Admitted.

26.     The allegations contained in Paragraph 26 are denied.

27.     The allegations contained in Paragraph 27 are denied.

28.     The allegations contained in Paragraph 28 are denied.

29.     Admitted.

30.     Admitted.

31.     The allegations contained in Paragraph 31 are denied.

32.     The allegations contained in Paragraph 32 are denied.

33.     The allegations contained in Paragraph 33 are denied.

34.     The allegations contained in Paragraph 34 are denied.

35.     The allegations contained in Paragraph 35 are denied.

## COUNT I

36.     Turner incorporates by reference its answers to the preceding paragraphs of the

Counterclaim as if fully set forth herein.

37.     Admitted.

38.     The allegations contained in Paragraph 38 are denied.

39.     The allegations contained in Paragraph 39 are denied.

40.     The allegations contained in Paragraph 40 are denied.

41.     The allegations contained in Paragraph 41 are denied.

42.     The allegations contained in Paragraph 42 are denied.

43.     The allegations contained in Paragraph 43 are denied.

44.     The allegations contained in Paragraph 44 are denied.

45.     In response to the WHEREFORE paragraph following Paragraph 44, Turner

denies that Wyatt is entitled to any of the relief requested.

46.     To the extent Turner does not specifically admit an allegation in the Counterclaim

in the above paragraphs, Turner denies such allegations.

## AFFIRMATIVE DEFENSES

Turner hereby gives notice that it may rely on the following defenses in opposing the

Counterclaim.  By listing its defenses (here or in any other pleading), Turner does not waive its

right to present any defense that is not required to be identified by Answer or otherwise.  In addition, Turner reserves the right to change, amend or supplement its answers to the Counterclaim, and to assert any additional defenses that may be available based upon the facts as they become known through discovery or during any kind of trial of this matter.

## FIRST AFFIRMATIVE DEFENSE

Wyatt's Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Wyatt's claims are barred or limited by the doctrines of set-off and/or recoupment due to amounts owed by Wyatt to Turner.

## THIRD AFFIRMATIVE DEFENSE

Wyatt's claims are barred or limited by the terms of the Subcontract.

## FOURTH AFFIRMATIVE DEFENSE

Wyatt's claims to recover lost profit (except for profit on work actually performed), recovery of overhead (including home office overhead), and any other indirect damages, costs or expenses in any way arising out of or related to the Subcontract are barred by the Subcontract.

## FIFTH AFFIRMATIVE DEFENSE

Wyatt's claims for compensation relating to delays are barred by the Subcontract, which states in part that it is an express condition precedent to any obligation to make payment of any such cost, reimbursement, compensation or damages to Wyatt that Turner first be determined to be entitled to such compensation on behalf of Wyatt and then receive such payment from Owner, and entitlement to such compensation was not determined and such payment was not received.

## SIXTH AFFIRMATIVE DEFENSE

Wyatt's claims for compensation for change orders or delays are barred by the Subcontract, which states in part that payment under the Subcontract, whether a progress or final payment, or for extras or change orders or delays to the Work, is subject to the express condition precedent of payment therefor by the Owner, and the Owner did not make such payments to Turner.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent of any, Wyatt's claims relating to Owner changes are barred or limited by the Subcontract, which states in part that payment for Owner changes shall not be due Wyatt as a specific condition precedent until said payment is received by Turner from the Owner.

## EIGHTH AFFIRMATIVE DEFENSE

Wyatt's claims are barred or limited because Wyatt failed to comply with the terms of the Subcontract and/or the terms of the Prime Contract between Turner and the Owner in connection with its claims.

## NINTH AFFIRMATIVE DEFENSE

Wyatt's claims are barred or limited by the doctrines of waiver, release, estoppel, accord and satisfaction, failure of consideration, failure to satisfy conditions precedent, mistake, and/or by the expiration of any applicable limitations period(s), contractual, statutory, or otherwise.

## TENTH AFFIRMATIVE DEFENSE

Wyatt's claims are barred or limited by Wyatt's failure to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Wyatt's claims are barred or limited because Wyatt failed to furnish timely notice of its claims, and failed to timely submit its claim submissions.

WHEREFORE, Turner respectfully requests that Wyatt's Counterclaim be dismissed with prejudice, and that judgment be entered against Wyatt and in favor of Turner, and that Turner be entitled to recover any and all relief as the Court deems just and proper.

Dated:  September 2, 2016                Respectfully submitted,

*/s/ M. David Griffith, Jr.*
M. David Griffith Jr. (WVSB # 7720)
Joseph K. Merical (WVSB # 11646)
Thomas Combs & Spann PLLC
300 Summers Street, Suite 1380
Charleston, WV 25301
Phone: (304) 414-1800
Fax: (304) 414-1801
Email: dgriffith@tcspllc.com

Douglas L. Patin (admitted *pro hac vice*)
Michael S. Koplan (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
1350 L Street, NW, Suite 1350
Washington, DC 20036
Phone: (202) 393-7150
Fax: (202) 347-1684
Email: dpatin@babc.com
          mkoplan@babc.com
*Counsel for Turner Construction Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**AT CLARKSBURG**

| | | |
|---|---|---|
| TURNER CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:16-cv-58 (IMK) |
| | ) | |
| v. | ) | |
| | ) | |
| WYATT INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, M. David Griffith, Jr., counsel for Plaintiff, hereby certify that on the 2nd day of September, 2016, I electronically filed the foregoing "**TURNER CONSTRUCTION COMPANY'S ANSWER TO COUNTERCLAIM**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Lisa M. Wampler, Esq.
> Lori Wisniewski Azzara, Esq.
> Roy S. Cohen, Esq.
> lwampler@cohenseglias.com
> lazzara@cohenseglias.com
> rcohen@cohenseglias.com
> *Counsel for Defendant Wyatt Incorporated*
>
> Eric J. Hulett, Esq.
> Denielle-Jacqueline Marie Stritch, Esq.
> eric.hulett@steptoe-johnson.com
> denielle.stritch@steptoe-johnson.com
> *Counsel for Defendant Wyatt, Incorporated*

> */s/M. David Griffith, Jr.*
> M. David Griffith Jr. (WVSB # 7720)
> Thomas Combs & Spann PLLC
> 300 Summers Street, Suite 1380
> Charleston, WV 25301
> *Counsel for Turner Construction Company*